**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4665**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

STERLYN AVERY HEWLETT,

                    Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington. Robert C. Chambers, Chief District Judge. (3:13-cr-00043-1)

Submitted:  March 31, 2014          Decided:  April 11, 2014

Before NIEMEYER and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Sebastian M. Joy, JOY LAW OFFICE, Catlettsburg, Kentucky, for Appellant.  R. Booth Goodwin II, United States Attorney, Sharon M. Frazier, Special Assistant United States Attorney, Huntington, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sterlyn Avery Hewlett pled guilty, pursuant to a written plea agreement, to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2012), and was sentenced to thirty-three months' imprisonment. In the plea agreement, Hewlett reserved the right to challenge the district court's denial of his motion to suppress evidence seized from the vehicle he was driving. Hewlett contends on appeal that the district court erred in denying the motion to suppress on the ground that the search was valid under a protective sweep incident to a stop. We affirm.

When considering a district court's ruling on a motion to suppress, we review the district court's legal conclusions de novo and its factual findings for clear error. United States v. Foster, 634 F.3d 243, 246 (4th Cir. 2011). When a suppression motion has been denied by the district court, we construe the evidence in the light most favorable to the Government. Id. A factual finding is clearly erroneous if "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. Harvey, 532 F.3d 326, 336-37 (4th Cir. 2008) (internal quotation marks omitted). The district court's ultimate conclusion that the protective search is constitutional is a legal conclusion

2

which we review de novo.  United States v. Griffin, 589 F.3d 148, 151-52 (4th Cir. 2009).

With these standards in mind, and having reviewed the transcript of the suppression hearing, the district court's order, and the parties' briefs, we conclude Hewlett's motion to suppress was properly denied for the reasons stated by the district court.  See United States v. Hewlett, No. 3:13-cr-00043-1 (S.D. W.Va. May 3, 2013).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED